```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

MARK S. NEUMAN,

    Plaintiff,

v.                                                          CIVIL ACTION No. 1:07-00739

JOHN R. FRAZIER, Judge,
Circuit Court of Mercer County,
West Virginia,

    Defendant.

and

MARK S. NEUMAN,

    Plaintiff,

v.                                                          CIVIL ACTION No. 1:08-00127

DARRELL MCGRAW,
West Virginia Attorney General,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, these consolidated actions were referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendations on October 8, 2009, in which he recommended that the court dismiss both of plaintiff's complaints, filed pursuant to 42 U.S.C. § 1983, and remove these matters from the docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), in effect at that time, the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989). On October 19, 2009, plaintiff filed a "Response to Order and Proposed Findings and Recommendation." To the extent that the document contains objections, the court has conducted a de novo review.

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Plaintiff's first objection goes to Magistrate Judge VanDervort's decision to consolidate both complaints. Plaintiff

asks that he receive a refund of the filing fee for one of the cases. Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." Neither that statute nor Fed. R. Civ. P. 42, the rule governing consolidation of civil actions, make any provision for a return of the required filing fee. Furthermore, plaintiff cites no authority to support his argument that he is entitled to such a refund. Accordingly, his objection is OVERRULED.

Plaintiff also objects to Magistrate Judge VanDervort's finding that former Mercer County Circuit Court Judge John R. Frazier and West Virginia Attorney General Darrell McGraw are immune from suit. According to Neuman:

> Not being allowed to sue a judge or a state leads to tyranny and oppression; it is un-American and cannot be constitutionally valid, since it denies citizens their equal protection rights. Also, in Plaintiff's case, such rules must have been passed after Petitioner's trials; so, under ex post facto rules, Plaintiff should still be allowed to sue the Defendants.

Objections at p. 1.

"As early as 1872, the Court recognized that it was 'a general principal of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to

3

himself.'" Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  For that reason, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Bradley, 13 Wall. 335, 351.  This judicial immunity applies even in suits brought pursuant to 42 U.S.C. § 1983.  Stump, 435 U.S. at 356.  For this reason, Magistrate Judge VanDervort was correct in stating that Judge Frazier was immune from suit based on the allegations in this case.  The claims against Attorney General McGraw are likewise barred based upon the well-established doctrine of prosecutorial immunity.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  The immunities mentioned above are well established and there is no ex post facto issue implicated.  Accordingly, plaintiff's objection is OVERRULED.

Plaintiff also objects to Magistrate Judge VanDervort's conclusion that West Virginia Code § 62-12-13(e), as amended, does not violate the ex post facto clause based upon the decision of the West Virginia Supreme Court of Appeals in State ex rel. Carper v. West Virginia Parole Board, 509 S.E.2d 864, 871 (W. Va. 1998).  According to Neuman, "[t]he ruling that the West Virginia Parole Board can violate ex post facto rules is clearly illegal and needs to be overturned by this Honorable Court."  Objections at p. 1.

In <u>Carper</u>, the court held that:

> The Board of Parole may only extend the period between parole review hearings . . . beyond 1 year [for prisoners whose offenses occurred at a time when the law prescribed annual parole reviews] if the Board has made a case-specific individualized determination with reasoned findings on the record showing whey there will be no detriment or disadvantage to the prisoner from such an extension. Additionally, due process requires that such a prisoner receiving a review period of more than 1 year must be afforded the opportunity to submit information for the Board's consideration during any extended period requesting that a review be granted before the expiration of the extended period.

<u>State of West Virginia v. Stollings</u>, 469 S.E.2d 121, 125 (W. Va. 2002) (quoting <u>Carper</u>, 509 S.E.2d at 871). Plaintiff does not argue that there has been any failure to comply with the mandates of <u>Carper</u> and <u>Stollings</u>; rather, he merely states that the court should abolish the West Virginia Parole Board. Accordingly, his objection is OVERRULED.

The remainder of plaintiff's response does not specifically address Magistrate Judge VanDervort's Proposed Findings and Recommendation and, rather, is more a general rejection of the Proposed Findings and Recommendation. <u>See, e.g.</u>, Objections at p. 2 ("To claim that Plaintiff has not shown cause for relief is absurd, as well as evil"). Plaintiff also asks the court for various forms of relief which have nothing to do with his complaints herein. For example, plaintiff states that "[t]his Honorable Court should order that all prisoners who spent time at the Moundsville prison, which the West Virginia

Supreme Court of Appeals ruled to be cruel and unusual punishment, and where Plaintiff was sentenced to by Judge Frazier after this ruling, twice, be compensated by having their sentences overturned. . . ."  Objections at p. 2.  This excerpt makes clear that plaintiff's objections are not the type of objections contemplated by the federal rules.  They have nothing to do with the specifics of Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Because the remainder of plaintiff's objections are "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," they are OVERRULED.

For the reasons set forth above, the court overrules plaintiff's objections to the Magistrate Judge's Findings and Recommendations.  Accordingly, the court adopts his Findings and Recommendation and **DISMISSES** both complaints.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff.  The Clerk is further directed to remove these actions from the active docket of this court.

**IT IS SO ORDERED** this 17th day of March, 2011.

ENTER:

David A. Faber
Senior United States District Judge